UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:12-00167-01

**GARY STOVER**


### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On October 18 and 24, 2017, the United States of America appeared by John J. Frail, Assistant United States Attorney, and the defendant, Gary Stover, appeared in person and by his counsel, Mark McMillian, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer M. Dylan Shaffer. The defendant commenced a 36-month term of supervised release in this action on December 31, 2015, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on April 1, 2013.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant failed to report to the probation office as instructed on April 20 and May 31, 2017; (2) the defendant failed to remain at his new residence on June 22, 2017, as instructed by the probation officer in order for the probation officer to conduct a home inspection; (3) the defendant failed to work regularly at a lawful occupation inasmuch as he was laid off from his job on January 2, 2017, and he did not work at any time after that; (4) the defendant failed to notify the probation officer of his change in address inasmuch as the probation officer attempted to contact the defendant at his address of record on May 10, 2017, and was informed by the new tenant that the defendant had not lived there for over a week; (5) the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on August 26, 2016, for amphetamine and methamphetamine; a positive urine specimen submitted by him on September 26, 2016, for amphetamine and methamphetamine, the defendant having admitted to the probation officer that he consumed methamphetamine six to seven times over the past 30 days; a positive urine specimen submitted by him on October 20,

2016, for amphetamine and methamphetamine, the defendant having admitted to the probation officer that he consumed methamphetamine; a positive urine specimen submitted by him on October 25, 2016, for amphetamine and methamphetamine, the defendant having admitted to the probation officer that he consumed methamphetamine; a positive urine specimen submitted by him on June 16, 2017, the defendant having admitted to the probation officer that he consumed methamphetamine; and his admission to the probation officer on September 14, 2017, that he had consumed methamphetamine on or about September 13, 2017; (6) the defendant failed to attend individual and intensive group outpatient substance abuse counseling and treatment as more fully outlined in Violation No. 6; (7) the defendant failed to report for drug screens as instructed on October 25, 2016, and January 5, May 15 and September 7, 2017; and (8) the defendant possessed methamphetamine on September 12, 2107, which was discovered during a traffic stop, as evidenced by the defendant's agreement on the record of the hearing that the government possesses sufficient proof to prove the offense by a preponderance of the evidence; all as admitted by the defendant on the record of the hearing, with the exception of (8) as set forth above, and as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TIME SERVED, to be followed by a term of thirty-four (34) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that beginning today, he participate in and successfully complete the 9 to 12 month residential drug treatment program at Recovery Point in

Parkersburg, West Virginia, where he shall follow the rules and regulations of the facility and participate fully in drug abuse counseling and treatment as directed by the facility and the probation officer.

The defendant was remanded to the custody of the United States Marshal for his return to South Central Regional Jail for processing prior to his release today.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: October 24, 2017

John T. Copenhaver, Jr.
United States District Judge